UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

CHARLES BRYAN,

Petitioner,

v.

LOU STENDER, Warden, MCF-Faribault, and HOYT BRILL, Warden, PCF-Appleton,

Respondents.

Civil No. 00-141 (ADM/ESS)

**ORDER DIRECTING RESPONDENT TO SHOW CAUSE WHY WRIT SHOULD NOT BE GRANTED**

Petitioner, a prisoner of the State of Minnesota incarcerated at the Prairie Correctional Facility, in Appleton, Minnesota, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that he being is confined in violation of his rights under the U.S. Constitution.

Respondents are directed to make a return in writing within 20 days from the date of this order, certifying the true cause of Petitioner's confinement and showing cause why the writ should not be granted.

The return shall be filed with the Court and shall include:

1. Such affidavits and exhibits as are needed to establish the lawfulness of Petitioner's confinement;

2. A reasoned memorandum of law and fact explaining why Respondent believes the writ should not be granted, and setting forth Respondents' recommendation as to whether an evidentiary hearing should be conducted in this matter;

FILED JAN 25 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

3. A certified copy of such of the following as may be material to the issues raised by the petition: the Indictment, the plea, the judgment, the trial record, or, if the petitioner pleaded guilty, a transcript of the proceedings at which he pleaded guilty, as well as any other written materials that may be germane to the issues presented in the petition.

Respondents' return should specifically address the issue of whether all of Petitioner's current constitutional claims have been fairly presented to, and decided on the merits by, the highest available state court, and if not, whether there are any state court remedies still available for any such claims that have not been so presented and decided.

Petitioner has also filed an "Application To Proceed Without Prepayment Of Fees And Affidavit," (Docket No. 2), by which he seeks leave to proceed in forma pauperis ("IFP"). However, Petitioner has already paid the full $5.00 filing fee for his petition, and he has not identified any other fees or costs that he expects to incur in this matter. The IFP application will therefore be denied as moot.

Finally, the Court notes that Petitioner has filed a "Motion To Appoint Counsel For Appeal To The 8th Circuit Court From District Court," (Docket No. 3.), and a "Motion To Appoint Counsel For An Evidentiary Hearing," (Docket No. 4). Both of these motions are premature. Petitioner has no reason to seek appointment of counsel on appeal, because no appealable order or judgment has been entered in this case. Petitioner also has no reason to seek appointment of counsel for an evidentiary hearing, because the court has not determined that an evidentiary hearing will be necessary in this case. Therefore, both of Petitioner's motions for appointment of counsel will be denied at this time.

Based on the foregoing, and all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1. Respondents shall file a written return to Petitioner's application for a writ of habeas corpus, consistent with the terms of this order, within 20 days from the date of this order;

2. Petitioner's "Application to Proceed Without Prepayment of Fees and Affidavit," (Docket No. 2), is DENIED AS MOOT; and

3. Petitioner's "Motion To Appoint Counsel For Appeal To The 8th Circuit From District Court," (Docket No. 3), and "Motion To Appoint Counsel For An Evidentiary Hearing," (Docket No. 4), are DENIED.

Dated: January 25, 2000

E.S. Swearingen

E.S. SWEARINGEN,
United States Magistrate Judge