UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CHARLES BRYAN,

Petitioner,

v.

LOU STENDER, Warden,
and HOYT BRILL, Warden,

Respondents.

Civil No. 00-141 (ADM/ESS)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner Charles Bryan's pro se application for habeas corpus relief under 28 U.S.C. § 2254 [Docket No. 1] and motion to proceed in forma pauperis [Docket No. 2]. On January 25, 2000, the undersigned issued an order requiring Respondents Lou Stender and Hoyt Brill to show cause why the writ should not be granted [Docket No. 5]. In accordance with this order, Respondents have filed a return asking the Court to deny the request for habeas corpus relief and to dismiss the petition. [Docket No. 10]. These proceedings have been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that the petition for writ of habeas corpus be denied.

## I. BACKGROUND

On October 24, 1997, a jury in the State District Court in the Second Judicial District, Ramsey County, Minnesota, found Petitioner guilty of Arson in the First Degree. Resp't Mem. [Docket No. 10] at 1. He was sentenced to a prison term not to exceed seventy-eight months, and he is presently serving his sentence at the Prairie Correctional Facility, Appleton, Minnesota. [Docket No. 1] at 1.

Following his conviction, Petitioner filed a direct appeal with the Minnesota Court of

JUL 31 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Appeals. His conviction was affirmed in a decision dated October 27, 1998. On January 21, 1999, the Minnesota Supreme Court denied Petitioner's request for further review, thus concluding Petitioner's direct appeal.

Petitioner did not initiate any further legal proceedings challenging his conviction until January 20, 2000, when he filed his current application seeking federal habeas corpus relief under 28 U.S.C. § 2254. The instant petition lists two grounds for relief. First, Petitioner claims that his federal constitutional right to due process was violated by the introduction of evidence at trial concerning his relationship with the victim, Lisa Remmen. Second, Petitioner claims that his right to due process was further violated because there was not sufficient evidence for a jury to find him guilty beyond a reasonable doubt.

## II. DISCUSSION

### A. Petitioner has met the requirements of timely filing and exhaustion of state remedies.

On April 24, 1996, President Clinton signed the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), which effected significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This new statute provides that:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing

> by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

For purposes of 28 U.S.C. § 2244(d)(1)(A), the "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," upon expiration of the deadline for filing a petition for writ of certiorari with the U.S. Supreme Court. See Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998) (state criminal convictions not final for statute of limitations purposes until the deadline for seeking certiorari has expired), cert. denied, 119 S.Ct. 1133 (1999). Certiorari petitions must be filed within 90 days after a final adjudication by a state's highest court. Sup.Ct.R. 13.1. Thus, the statute of limitations began to run in this case on April 21, 1999 -- 90 days after the State Supreme Court's final disposition of Petitioner's direct appeal on January 21, 1999. Therefore, as a preliminary matter it can be noted that Petitioner has met the requirement of timely filing.

28 U.S.C. §§ 2254(b) and (c), as amended, require currently available and adequate state remedies to be exhausted prior to an invocation of federal habeas corpus jurisdiction. This requirement is satisfied when 'the same evidence and issues already decided by direct review' in the state courts are presented in the petition for federal habeas corpus. See Brown v. Allen, 344 U.S. 443, 447, 73 S.Ct. 397, 97 L.Ed. 469 (1953). In the present case Petitioner has raised the same evidence and issues that were before the state courts in his direct appeal, such that the case is

properly before this Court, and the Court may now consider the merits of Petitioner's two claims for relief.

**B. The Admission of Contested Evidence**

Petitioner challenges, as a violation of his 14th amendment right to a fair trial, the admission of evidence relating to his prior bad acts. Petitioner particularly asserts that he was deprived of a fair trial by the trial court's admission of testimony concerning four separate incidents of domestic abuse perpetrated by the Petitioner against Lisa Remmen, resident of the duplex where the subject arson took place. Petitioner alleges the incidents of domestic abuse were unproven, irrelevant, and overly prejudicial.

At trial, Lisa Remmen testified that Petitioner had acted violently toward her. Tr. 203. She testified that Defendant was arrested for assaulting or threatening her on two occasions. Tr. 204. Remmen testified that once in November 1995, Petitioner hit her head into the wall and stole her car. Tr. 210. Remmen also testified that Petitioner told her, "I will kill you, bitch." Tr. 210. Petitioner was arrested as a result of this incident, but Remmen did not subsequently press charges. Tr. 210. Ms. Remmen called authorities a second time in March of 1996 when Petitioner choked her, wrapped his legs around her neck, and threw her down on her daughter. Tr. 211. Remmen testified as to a third incident in February of 1997 when Petitioner again struck her and choked her, leaving marks on her neck. Tr. 211-12. Remmen testified that she did not call the police on this occasion because Petitioner told her she would be dead by the time police arrived. Tr. 212. Finally, Remmen testified that in May 1997, Petitioner hit her, then cornered her and tried to stick his penis in her mouth. Tr. 213. Remmen then telephoned the police and ended her relationship with Petitioner. Tr. 213. Jolene Robbins, Ms. Remmens' upstairs neighbor in the duplex, testified that she had witnessed Petitioner strike Remmen in the May incident. Tr. 250. The incidents of abuse were

introduced by the State, not as Spreigl evidence, but rather as evidence of the history of the relationship between Remmen and Petitioner. Tr. 206. The trial court admitted the testimony for that purpose. Tr. 208-09. In an unpublished opinion, the Minnesota Court of Appeals affirmed the trial court's decision and held that the incidents of domestic abuse were relevant to Petitioner's attitude toward Remmen and his possible motive and intent for the arson. See State v. Bryan, No. C8-98-251, 1998 WL 747956, at *9 (Minn. Ct. App. Oct. 27, 1998). The Minnesota Court of Appeals further found that the evidence was more probative than prejudicial. Id. at 10.

Because questions concerning the admission of evidence are matters of State law, the review of such questions in a habeas corpus proceeding is limited to determining whether the defendant's constitutional rights have been violated. See Amos v. State of Minn., 849 F.2d 1070, 1073 (8th Cir.1988); Hobbs v. Lockhart, 791 F.2d 125, 127-28 (8th Cir.1986) (other crimes evidence). The inquiry is not "whether the trial court erred in admitting the particular testimony," but "whether the admissions resulted in a trial so fundamentally unfair as to deny [Bryan] due process of law." Id. at 127- 28. "In making this determination we must review the totality of the facts in the case and analyze the fairness of the particular trial under consideration." Hobbs, 791 F.2d at 128 (quoting Manning-El v. Wyrick, 738 F.2d 321, 323 (8th Cir.), cert. denied, 469 U.S. 919, 105 S.Ct. 298, 83 L.Ed.2d 233 (1984)). To justify the grant of habeas corpus, the error must be "so 'gross' ... 'conspicuously prejudicial' ... or otherwise of such magnitude that it fatally infected the trial and failed to afford [appellant] the fundamental fairness which is the essence of due process." Mercer v. Armontrout, 844 F.2d 582, 587 (8th Cir.1988).

After examining the totality of the facts and assessing the fairness of Petitioner's trial, there is no error in the trial court's admission of evidence of Petitioner's prior bad acts that could be said to have "fatally infected the trial and denied him due process of law." The state court's

determination as to admissibility was proper, and in no way contradicts any federal constitutional right of Petitioner. The admitted testimony was offered for the limited purpose of showing the prior relationship between Petitioner and Ms. Remmen so as to develop a possible motive or intent for the arson. The trial court lessened the danger of the evidence prejudicing the jury by giving a cautionary jury instruction. At the close of evidence in this trial, the court specifically instructed the jury:

> The defendant is not being tried for and may not be convicted of any crime other than the crime charged in this complaint. You are instructed specifically that you are not to convict the defendant solely on the basis of any occurrence in November of 1995, March of 1996, February of 1997 or May of 1997.

Tr. 394-95. Furthermore, Defendant had the opportunity to produce evidence contradicting the testimony as to his motive or intent. As such, the evidence was not so conspicuously prejudicial as to deprive Petitioner of a fair trial.

Furthermore, the admitted evidence was not the cornerstone of the State's case. Rather, the admitted evidence was just a piece of the story establishing why Petitioner might have intended to commit arson. The State presented four witnesses who testified that they saw Petitioner on or near the subject premises around the time the fire was started. Tr. 165, 182, 192, 217-18, 252. The State also presented testimony that Petitioner had paid an unexpected visit to Ms. Remmen on June 12 and knew that her daughter would be with a babysitter overnight. Tr. 214, 215. Thus, even without the domestic abuse evidence, the jury would have heard that Petitioner, an ex-boyfriend of Ms. Remmen's who had visited her just hours earlier, was seen by four different persons on or near her premises just before and after the fire was started. The magnitude of the other prosecution evidence significantly reduces the chance that the contested testimony unduly prejudiced the jury and the trial so as to secure Petitioner's conviction.

Petitioner's contention that the evidence was improperly admitted is but a reargument of the

State law question he presented to the Minnesota appellate courts, which those courts rejected. Petitioner has not shown that the introduction of the admitted evidence violated his constitutional rights.

**C. Petitioner's Insufficient Evidence Claim**

The critical inquiry on habeas review of the sufficiency of the evidence to support a state criminal conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original). It is a rare case in which a federal habeas court will disagree with a state court ruling on the sufficiency of the evidence to support a state court criminal conviction. See Moeller v. Attorney General of the state of South Dakota, 838 F.2d 309, 310 (8th Cir. 1988).

Petitioner was charged with Arson in the First Degree. The elements of this charge as defined by the trial court were as follows: (1) that the building was destroyed or damaged by fire; (2) that at the time of the fire the building was used as a dwelling; (3) that the defendant caused the fire; (4) that the defendant intended to destroy or damage the building; and (5) that defendant's act took place on or about June 13, 1997. Tr. 392. The trial court defined reasonable doubt as follows:

> Proof beyond a reasonable doubt is such proof as an ordinary, prudent man or woman would act upon in their most important affairs. A reasonable doubt is a doubt based upon reason and common sense. It does not mean a fanciful or capricious doubt, nor does it mean beyond all possible doubt.

Tr. 393.

Applying those standards to the present case, there was sufficient evidence for a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. As the Minnesota Court of Appeals noted, four eyewitnesses testified to seeing Petitioner at the scene of the fire at 4:00

a.m. The jury also heard that Petitioner had visited his ex-girlfriend Ms. Remmen hours earlier and knew her daughter would not be home that evening. The jury considered this testimony, as well as that of Petitioner's mother, who testified that she had seen Petitioner sleeping on her couch sometime that morning. Tr. 275-76. The jury also considered testimony of Petitioner's possible intent or motive to set a fire based on his prior relationship with his Ms. Remmen. It was the jury's domain to determine credibility of witnesses. Under the totality of the circumstances, a rational trier of fact could have found the prosecution's witnesses credible and determined that Petitioner intentionally set the fire. A careful review of the trial record supports the Minnesota Court of Appeal's determination that there was sufficient evidence in the present case. As such, Petitioner is not entitled to habeas corpus relief.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED that**:

1. The petition for writ of habeas corpus [Docket No. 1] be denied;
2. The petition for leave to proceed in forma pauperis [Docket No. 2] be denied; and
3. This action be **DISMISSED WITH PREJUDICE**.

Dated: July 31, 2000

E. S. Swearingen

E. S. SWEARINGEN

United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.